## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JANE DOE** | § | |
| | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | _____ |
| **EAST TEXAS BORDER HEALTH CLINIC** | § | |
| **D/B/A GENESIS PRIMECARE; CARLA** | § | |
| **ROADCAP individually and in her capacity** | § | |
| **as Chief Executive Officer; JIM RHODES** | § | |
| **individually and in his capacity as Practice** | § | |
| **Manager; RAY DELK individually and in** | § | |
| **his capacity as Director of Operational** | § | |
| **Strategy; MARCY SELLERS individually** | § | |
| **and in her capacity as Human Resources** | § | |
| **Director; CYNTHIA "SISSY" BYRUM** | § | |
| **individually and in her capacity as Nursing** | § | |
| **Administrator; AND, DAVID MARKHAM** | § | |
| **individually and in his capacity as Clinical** | § | |
| **Educator** | § | |
| | § | |
| | § | |
| | § | |
| **DEFENDANTS.** | § | |

## BRIEF IN SUPPORT OF MOTION TO PROCEED UNDER SEAL/PERMISSION TO FILE A COMPLAINT USING A PSEUDONYM

COMES NOW, the Plaintiff, Jane Doe and for her Brief in Support of the Motion to Proceed Under Seal under the pseudonym, "Jane Doe" pursuant to Rule 10(a) and Local Rule CV-5(a)(7) states as follows:

### I. Statement of the Case

This is a suit based on Civil Rights violations based on, <u>inter-alia</u> 42 U.S.C. 2000e in the form of employment discrimination based on race, color, and natural origin, in addition to a request for declaratory relief and a request for damages based on defamation and fraud. (See, Complaint

filed herein and seeking relief based on negligence, breach of contract, title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, retaliatory discharge, fraud, defamation 42 U.S.C. 1983; 1985; 1986 and vicarious liability). Plaintiff, Jane Doe was a nurse practitioner enrolled in the Federal Health Services Administration then National Health Service Core Loan Repayment Program, class of 2023. A charge of discrimination was filed with the United States Equal Employment Opportunity Commission asserting certain grounds, including that Plaintiff was experiencing disparate treatment in terms of clinical support and had been counseled in ways that inappropriately described attributes which would be considered derogative stereotypes for Hispanic women.

Plaintiff was diagnosed with stress from anxiety for which she was treating during the period of time at issue and while the charge was pending. Plaintiff experienced retaliatory behavior during the pendency of the charge with the EEOC. Plaintiff was wrongfully accused of the falsification of a patient's chart during the pendency of the charge.

Email correspondence from Counsel for Defendants included severe allegations clearly intended to have chilling effect upon the Plaintiff's willingness to enforce her rights. (See Exhibit A to the Motion, a true and correct copy of the email dated September 25, 2025). In preparation for mediation, a Position Statement was filed with the EEOC suggesting that Jane Doe violated several statutes and committed fraud. (See Exhibit B to the Motion, a true and correct copy of the Position Statement). The net effect of the email and Position Statement was the message that if Plaintiff were to proceed with suit, that she would make the allegations against her public whereas if she refrained from filing suit and pursuing her claim, she would be free from the spurious allegations. (See Exhibits A and B to the Motion). Counsel for Movant requested copies of all documentation corroborating the allegations in the Position Statement and

Email attached hereto as Exhibits A and B to the extent they allege that the Plaintiff committed fraud, but no material was provided.

A conversation was held with Counsel for Defendants on August 11, 2026 to determine what solutions existed, but Counsel for Defendants indicated he would be out of his office for the remainder of the afternoon and the following day when suit would be necessarily filed.

Jane Doe believes that her former employer in fact intends to ruin her future when in fact the allegations being made are untrue.

## II. Applicable Law and Discussion

A complaint must name all of the parties. Fed. R. Civ. P. 10(a). One of the purposes behind the Rule is to facilitate public scrutiny of judicial proceedings. Sealed Plaintiff v. Sealed Defendant 537 f. 3d. 185, 188-89 (2d Cir. 2008). The people have a right to know who is using their courts. Id. and citing Doe v. Blue Cross Blue Shield United, 112 f. 3d. 869, 872 (7th Cir. 1997).

While the purpose of the Rule is to provide confidence in the administration of justice, a District Court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a Plaintiff to proceed under a pseudonym. Sealed Plaintiff, supra. at P. 189. The question for the District Court is whether the Plaintiff has a substantial privacy interest that outweighs the customary and constitutionally imbedded presumption of openness and judicial proceedings. Id.

The Court must consider the interests of the opposing party. Id.  The allegations supporting the right to be anonymous must be based on more than just speculation. Doe v. Skyline Automobiles Inc., 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019). When determining whether a person should be permitted to proceed under a pseudonym, the Court should consider:

> a.    whether the party seeking anonymity is suing to challenge governmental activity;

> b.     whether the prosecution of this suit compels the party to disclose information to the utmost intimacy; and,
>
> c.     whether the party is compelled to admit her intention to engage in illegal conduct, thereby risking criminal prosecution.

See, Doe v. Stegall, 653 f. 2d 180 (5th Cir. 1981). Some Circuits look at additional factors including, inter-alia, whether disclosure poses a risk of physical or mental harm to the litigant or innocent parties. Pearlman v. Visa Usa, Inc., 2025 WL 2962006 (S.D.N.Y., October 20, 2025).

In the Eastern District of Texas Local Rule CV-10(a) and 5(a)(7) permit a Plaintiff's use of a pseudonym upon application to the Court for filing under seal. (See, Local Rule CV-10(a) and 5(a)(7). No statute or privilege protects the type of communication being generated by the Defendants related to Plaintiff's falsifying charts. Plaintiff requests protection because she believes that the administration of the Federal Tuition Reimbursement Program; the acceptance of State and Federal Medicare and Medicaid payments; grants and other financial support provided to her employer amounted to government activity, especially where Plaintiff was required to remain employed with the facility for a specific period before her tuition would be reimbursed. The events complained of in Plaintiff's Complaint occurred prior to Plaintiff reaching the deadline for her tuition reimbursement.

The threat of causing Plaintiff to be exposed to accusations of criminal or illegal conduct is exactly the type of behavior that supports the use of a pseudonym so that an employee is not subjected to public ridicule, shame, the loss of a job, friendships, respect and admiration because of false allegations when attempting to enforce her rights. The Court should allow the Plaintiff to file suit under the name "Jane Doe" to protect her from further abuse and is set forth in the pleadings based on what are believed to be spurious allegations that are defamatory and fraudulent.

Defense Counsel's email referencing a threat by Plaintiff to disclose her own alteration of documents should be read for the improper, unprivileged threat that it is, and Plaintiff should be protected from having to use her own name in order to limit additional damage from what she has already sustained.

The Court should enter an Order permitting the Plaintiff to utilize a pseudonym and requiring all parties to refrain from the use of any reference to her other than the pseudonym "Jane Doe." Should the Court deny this Motion, Plaintiff requests that the Court refrain from striking the pleading and that the Plaintiff be permitted to substitute her actual name for the name of "Jane Doe" in the Complaint filed to date, because that could jeopardize the statute of limitations.  This Motion is made for no improper purpose, with prejudice no party if granted, will not delay trial and will protect the Plaintiff from severe irreversible prejudice if it is granted. The accompanying Brief in support of this Motion is incorporated by reference as if set forth fully at length herein.

### III. Conclusion

For all the foregoing reasons, Movant seeks for this Court to enter an Order in the form annexed granting this Motion to file under seal and permit the use of the pseudonym "Jane Doe" for her Complaint and requiring all parties to refer to her at all times as "Jane Doe" during the pendency of this action and thereafter until the Court revokes its Order or in the alternative, should the Motion be denied and only if the Motion is denied grant Plaintiff leave to amend her Complaint to state her actual name without dismissal of the pleading and for all other relief to which she may show herself to be justly entitled.

Respectfully submitted,

*/s/Robert T. Veon*_____
Robert T. Veon
Veon Law Firm, P.A.
210 N. State Line Ave., Ste. 303
Texarkana, AR 71854
Robert.veon@veonfirm.com
Phone: 870-774-7390
Fax: 870-773-3690
Arkansas Bar Number: 91264