**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>EAST TEXAS BORDER HEALTH CLINIC d/b/a GENESIS PRIMECARE *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:26-CV-00113-RWS |

**ORDER**

Before the Court is Plaintiff Jane Doe's Motion to Proceed Under Seal/Permission to File a Complaint Using a Pseudonym and Brief in Support. Docket Nos. 1–2. Because Defendants have not yet been served, the Court considers Plaintiff's motion on an *ex parte* basis. For the reasons stated below, Plaintiff's motion (Docket No. 1) is **DENIED**.

**BACKGROUND**

Plaintiff Jane Doe filed the above-captioned case on August 12, 2026 pursuant to Title VII of the Civil Rights Act of 1964. Docket No. 1 at ¶ 1. Plaintiff was a nurse practitioner enrolled in a federal tuition reimbursement program and alleges that Defendants discriminated against her because she is a Hispanic woman. *Id.* at ¶¶ 2–3. Among other causes of action, Plaintiff's claims include negligence, breach of contract, discrimination based on race, origin, and color, retaliatory discharge, defamation, and fraud. *Id.* at ¶ 1.

**LEGAL STANDARD**

Parties suing in federal court must generally proceed under their real names, rather than under a pseudonym. *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007)

("[I]t is the exceptional case in which a plaintiff may proceed under a fictitious name.") (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). This is because the courts are a public resource, and the public has a strong interest in open court proceedings. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) ("Judicial records belong to the American people; they are public, not private, documents.").

In some circumstances, courts have nevertheless permitted parties to proceed anonymously or under pseudonyms. In the Fifth Circuit, courts have held that the following factors in evaluating whether a party may proceed anonymously "deserve considerable weight": "(1) whether the plaintiff is 'challeng[ing] governmental activity'; (2) whether the plaintiff will be required to disclose information 'of the utmost intimacy'; and (3) whether the plaintiff will be 'compelled to admit [his] intention to engage in illegal conduct, thereby risking criminal prosecution.' " *Doe v. Mckesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019) (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)), *vacated on other grounds*, 592 U.S. 1, 5 (2020). Courts have deemed information "of the utmost intimacy" to encompass details regarding sexual assault, physical violence, and psychological harm. *Doe (M.H.) v. G6 Hosp. LLC*, No. 4:22-CV-198-SDJ, 2022 WL 2532489, at *3 (E.D. Tex. July 7, 2022) (permitting a sex-trafficking survivor to proceed anonymously where prosecuting her case required disclosure of such details); *see also, e.g.*, *Roe v. Patterson*, No. 4:19-CV-00179-ALM-KPJ, 2019 WL 2407380, at *4–5 (E.D. Tex. June 3, 2019) (allowing a sexual assault victim to proceed anonymously where her complaint included intimate details about her alleged sexual assault).

"In addition to these three commonly cited factors, courts have also considered the relevant facts and circumstances of a particular case, such as potential violence, a party's age and related vulnerability, and potential prejudicial impact on the defending parties." *Di Montenegro v.*

*Murphy*, No. 4:22-CV-476-ALM-KPJ, 2022 WL 17342620, at *2 (E.D. Tex. Nov. 29, 2022). Courts also consider whether a plaintiff "may expect extensive harassment or threats of violence if their name[] [is] revealed." *G6 Hosp. LLC*, 2022 WL 2532489, at *2. In deciding whether a plaintiff may proceed under a pseudonym, there is no one-size-fits-all approach; rather, courts evaluate the totality of the circumstances to decide whether to grant the relief that a plaintiff seeks. *Id.*

**DISCUSSION**

Plaintiff seeks to proceed in this case under seal because Defendants allegedly "intend[] to ruin her future" based on their allegations that Plaintiff engaged in criminal conduct—falsifying patient records—while employed by Defendants as a nurse practitioner. Docket No. 1 at ¶¶ 6, 21. Plaintiff also avers that Defendants' counsel's emails, which describe Plaintiff's allegedly criminal activities in detail, are merely "a 'feint' intentionally designed to cause [Plaintiff] to waive her rights." *Id.* at ¶ 21; *see also* Docket Nos. 1-1, 1-2. Plaintiff further represents that the threat of exposure "to accusations of criminal or illegal conduct" support proceeding under a pseudonym. *Id.* at ¶ 23. Plaintiff's allegations do not outweigh the public's interest in open court proceedings to warrant proceeding under a pseudonym.

**I. Three Factors Common to Anonymous-Party Suits**

The Court first considers the three factors that "deserve considerable weight" in anonymous-party suits. *Stegall*, 653 F.2d at 186.

**A. Whether Plaintiff is Suing to Challenge Governmental Activity**

Plaintiff represents that she was a nurse practitioner who entered a tuition reimbursement agreement with the federal government. Docket No. 1 at ¶ 2. According to Plaintiff, the "administration of the Federal Tuition Reimbursement Program" and her acceptance of "grants and other financial support" amount to government activity because Plaintiff was required to be

employed for a specific period before Plaintiff would be reimbursed, and Defendants' alleged acts occurred before that deadline. Docket No. 1 at ¶ 22. And, in the complaint, Plaintiff alleges that Defendants acted "as agents of the federal government administering government programs that would result in tuition reimbursement." Docket No. 3 at ¶ 66.

This factor weighs against anonymity. First, while Defendants' alleged conduct arguably falls "squarely within the type of cases recognized by *Stegall*'s first factor," because Defendants administer a federal tuition reimbursement program, courts have cautioned that "only in very few cases challenging governmental activity can anonymity be justified." *Doe v. El Paso Cnty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 1507840, at *3 (W.D. Tex. Apr. 1, 2015) (citing *Stegall*, 653 F.2d at 186) (determining that plaintiff challenged government activity where it named government agents in complaint). Where a plaintiff names individual parties in a complaint, courts have held that weighs against proceeding anonymously. *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) ("the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm."); *see also Rose*, 240 F.R.D. at 267–68 (determining that "governmental activity" factor weighed against anonymity where plaintiff sued both a school district and individuals employed by that school district).

Here, Plaintiff names East Texas Border Health Clinic d/b/a Genesis Primecare as a Defendant but also names six other individuals as Defendants. Docket No. 1 at 1. Under relevant Fifth Circuit and Eastern District of Texas precedent, such facts weigh against anonymity because the Defendants likely have valid concerns regarding the impact of this case on their individual reputations. Allowing Plaintiff to proceed anonymously while the named Defendants may be

subject to scrutiny offends basic notions of fairness. Therefore, this factor weighs against anonymity.

### B. Whether Plaintiff will be Required to Disclose Information of the Utmost Intimacy

In evaluating this factor, courts consider, for example, "how intimate and of what nature must the information be to trump the presumption of openness in judicial proceedings." *El Paso Cnty. Hosp. Dist.*, 2015 WL 1507840, at *4. Issues of the "utmost intimacy" often arise in cases involving matters such as birth control, abortion, sexual orientation, prayer and religious beliefs, and sexual assault. *See S. Methodist Univ. Ass'n of Women L. Students*, 599 F.2d at 713–14; *Patterson*, 2019 WL 2407380, at *3.

Plaintiff does not present allegations that indicate she will be required to disclose information of the "utmost intimacy." Therefore, this factor weighs against anonymity.

### C. Whether Plaintiff will be Compelled to Admit Illegal Conduct

Plaintiff does not allege any facts indicating that she will be compelled to admit illegal conduct. Quite the contrary, Plaintiff asserts that she wishes to "clear her name" from any alleged criminal wrongdoing. Docket No. 1 at ¶ 21. Therefore, this factor weighs against anonymity.

## II. Other Circumstances Warranting Anonymity

In addition to the above factors that "deserve considerable weight," courts should also consider the totality of the circumstances, which may include "potential violence" and "a party's age and related vulnerability," as well as whether a plaintiff "may expect extensive harassment or threats of violence." *Di Montenegro*, 2022 WL 17342620, at *2; *G6 Hosp. LLC*, 2022 WL 2532489, at *2. At bottom, a court should "review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *G6 Hosp. LLC*, 2022 WL 2532489, at *2 (citation modified).

Plaintiff fails to allege any additional facts that warrant proceeding under a pseudonym. In *Fields v. City of Sherman*, the plaintiff asserted "that any exposure of this case into public access, or onto any internet website unlawful stigma upon him, looms to adversely effect [sic] his reputation, and looms to adversely effect [sic] his search for employment in the future." No. 4:18-CV-00821-ALM-CAN, 2018 WL 11339879, at *1 (E.D. Tex. Nov. 28, 2018). But the *Fields* court determined that such assertions were conclusory and did not justify plaintiff proceeding under a pseudonym. *Id.* at *3.

The Court reaches the same conclusion here. Plaintiff's request rests on the notion that "her former employer … intends to ruin her future" and that Defendants' allegations that Plaintiff engaged in criminal conduct subjects Plaintiff to "public ridicule, shame, the loss of a job, friendships, [and] respect and admiration." Docket No. 1 at ¶¶ 21, 23. But Plaintiff's allegations are akin to the conclusory assertions the *Fields* court considered when denying the request to proceed under a pseudonym. And other courts in the Fifth Circuit have reached the same conclusion when presented with similar facts. *Doe v. Compact Info. Sys., Inc.*, No. 3:13-CV-5013-M, 2015 WL 11022761, at *5–6 (N.D. Tex. Jan. 26, 2015) (collecting cases noting courts' general reluctance to provide anonymity despite fears of embarrassment, shame, humiliation, or hostile public reaction). Accordingly, Plaintiff has not demonstrated a need to proceed anonymously.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's motion (Docket No. 1) is **DENIED**. It is further

**ORDERED** that Plaintiff shall substitute her actual name for the name of "Jane Doe," as reflected in the complaint (Docket No. 6). The complaint containing Plaintiff's name (Docket No. 6) shall be the operative complaint in this matter. It is further

**ORDERED** that, within **seven (7) days** of this Order, Plaintiff shall file a redacted version of the complaint (Docket No. 6) in accordance with Local Rule CV-5(a)(7)(E).

**So ORDERED and SIGNED this 27th day of August, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE