**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| JESSICA MALCA PASTAKIA,<br><br>Plaintiff,<br><br>v.<br><br>EAST TEXAS BORDER HEALTH CLINIC d/b/a GENESIS PRIMECARE *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:26-CV-00113-RWS |

**ORDER**

Before the Court is Plaintiff Jessica Malca Pastakia's (1) Motion to Extend Time to Make Service (Docket No. 18) and (2) Motion for Leave to Make Alternative Service (Docket No. 19). For the reasons stated below, Plaintiff's motions (Docket Nos. 18–19) are **GRANTED**.

## I. Plaintiff's Motion to Extend Time to Make Service (Docket No. 18)

Plaintiff represents that because it filed the complaint on August 12, 2026, the deadline to effect service of the complaint and summons pursuant to Federal Rule of Civil Procedure 4(m) is November 12, 2026. Docket No. 18 at 1. Plaintiff also avers that it served every named Defendant in the above-captioned case except for Carla Roadcap, both individually and as registered agent for Defendant East Texas Border Health Clinic d/b/a Genesis PrimeCare. *Id.* at 1–2. While Plaintiff asserts that it has "exercised due diligence in making good faith attempts to serve Ms. Roadcap," those attempts have thus far been unsuccessful. *Id.* at 3.

Plaintiff has demonstrated good cause to warrant the requested extension. However, the Court determines the requested 90-day extension is more than necessary to locate the single unserved Defendant in this matter. The Court previously granted a 30-day extension under similar circumstances. *Charles, et al. v. Crocker, et al.*, 5:23-cv-144 (E.D. Tex. Feb. 24, 2026), ECF 27.

A 30-day extension is thus appropriate here. Accordingly, Plaintiff's motion to extend time (Docket No. 18) is **GRANTED-AS-MODIFIED**.

**II. Plaintiff's Motion for Leave to Make Alternative Service**

Plaintiff represents that it attempted to serve Ms. Roadcap at four separate locations, but could not locate her at any of them. Docket No. 19 at 3–4. Specifically, Plaintiff attempted service at 502 East Rusk Street, Ms. Roadcap's listed address on the Texas Secretary of State website (Docket No. 19-2), but that "location was under construction and Ms. Roadcap was not present." Docket No. 19 at 3. Plaintiff also attempted service at three other Gensis PrimeCare locations, including 1400 College Drive in Texarkana, Texas, where Plaintiff successfully served Defendant David Markham. *Id.* at 4. Because traditional service has not been effective, Plaintiff asks the Court to permit it to serve Ms. Roadcap by making service upon any person older than sixteen (16) years of age at the Genesis PrimeCare facility at 1400 College Drive in Texarkana, Texas. *Id.* at 5. Plaintiff contends that because Mr. Markham was served at 1400 College Drive, service upon an individual at that specific Genesis PrimeCare will provide notice to Ms. Roadcap. *Id.* at 4–5.

Federal Rule of Civil Procedure 4(e)(1) allows individuals to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(e)(1) thus allows service to be made under Texas law. Under Texas Rule of Civil Procedure 106, service can be effectuated "in any other manner . . . that [the affidavit] or other evidence shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106. Texas "allows substituted service, but only after personal service fails." *United States ex rel. Proctor v. Next Health, LLC*, No. 4:17-cv-169-ALM-KPJ, 2023 WL 4153144, at *3 (E.D. Tex. May 22, 2023) (citing *Taylor v. State*, 293 S.W.3d 913, 915 (Tex. App.—Austin 2009, no pet.)). "A court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements

of the rule." *Id.* (citing *McKenzie v. Star Shuttle, Inc.*, No. 5:19-CV-749-JKP, 2019 WL 4482737, at *2 (W.D. Tex. Sept. 18, 2019)). The affidavit must state: "(1) the location of the defendant's … usual place of abode or other place where he can probably be found and (2) the specific facts showing that service had been attempted without success under either subsection of Rule 106(a) at the location mentioned in the affidavit." *Id.* (quoting *In re J.M.I.*, 223 S.W.3d 742, 744 (Tex. App.—Amarillo 2007, no pet.)).

Plaintiff has met the requirements for the Court to authorize substituted service under Rule 106(b). Plaintiff filed an affidavit stating that it attempted service on Ms. Roadcap at her "usual place or abode"—502 East Rusk Street. Docket No. 19-1 at 1–2. The affidavit also included specific facts detailing how service was unsuccessful. *Id.* Plaintiff's requested alternative service is therefore permitted under Rule 106(b), and the Court determines that leaving a copy of the summons and complaint at the 1400 College Drive will provide adequate notice, especially considering the construction at 502 East Rusk Street and Ms. Roadcap's unknown travel schedule. *See* Docket No. 19 at 4. Therefore, the Court will permit service by leaving the documents with anyone over eighteen years of age at 1400 College Drive, Texarkana, Texas 75503. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Extend Time to Make Service (Docket No. 18) is **GRANTED-AS-MODIFIED**. No later than **thirty (30) days** after the entry of this Order, Plaintiff shall file proof or an affidavit indicating that it has served Ms. Roadcap.

**ORDERED** that Plaintiff's Motion for Leave to Make Alternative Service (Docket No. 19) is **GRANTED**. Plaintiffs may serve Defendants by alternative service pursuant to Federal Rule of Civil Procedure 4(e) and Texas Rule of Civil Procedure 106(b). It is further

**ORDERED** that Plaintiff may serve Ms. Roadcap by leaving the summons, complaint, and

this Order with anyone over eighteen years of age at 1400 College Drive, Texarkana, Texas 75503.

**So ORDERED and SIGNED this 10th day of November, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE